Kevin M. Zietz, Esq. (SBN 186244)
E-mail: kevin@zietzlaw.com
LAW OFFICES OF KEVIN M. ZIETZ, PC
16055 Ventura Boulevard, Suite 432
Encino, California 91436
Tel: (818) 981-9200
Fax: (818) 981-9201

Todd B. Krauss Esq. (SBN 187991)
TODD KRAUSS & ASSOCIATES
E-Mail: todd@tkrausslaw.com
TODD KRAUSS & ASSOCIATES
16055 Ventura Boulevard, Suite 432
Encino, California 91436
Tel: (818) 356-4747
Fax: (818) 322-3901

Attorneys for Plaintiff
JOSEPH JONES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSEPH JONES,<br><br>　　　　Plaintiff,<br><br>v.<br><br>PEPSICO, INC. LONG TERM DISABILITY PLAN, and DOES 1 through 10, Inclusive,<br><br>　　　　Defendants. | Case No. :<br><br>**COMPLAINT FOR DAMAGES UNDER THE EMPLOYEE RETIREMENT INCOME SECURITY ACT**<br><br>[29 U.S.C. §1132(a)(1)] |

　　　Plaintiff, JOSEPH JONES (hereinafter referred to as "Plaintiff"), complains of Defendants PEPSICO LONG TERM DISABIILITY PLAN (hereinafter referred to as the "PLAN") and DOES 1 through 10, as follows:

\ \ \

\ \ \

## JURISDICTION AND VENUE

1. This Court's jurisdiction is invoked pursuant to 28 U.S.C. §§ 1331, 1337 and 29 U.S.C. §1132(a)(1), (e), (t), and (g), of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §1101. et. seq. (hereafter ERISA) as it involves a claim by Plaintiff for disability benefits under an employee benefit plan regulated and governed under ERISA. Jurisdiction is predicated under these code sections as well as 28 U.S.C. §1331 as this action involves a federal question.

2. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to 28 U.S.C. §1391(b)(2), and the ends of justice require it.

3. The ERISA statute at 29 U.S.C. §1133, in accordance with Regulations of the Secretary of Labor, provides a mechanism for internal appeal of benefit denials. Those avenues of appeal have been exhausted.

4. Plaintiff exhausted the appeal process on or about July 7, 2014, at which time he was informed by the claim administrator that the decision to deny his claim for LTD benefits was final and that he has the right to bring a civil action under ERISA §502(a).

5. The alleged breach of contract arising from the claim administrator's decision to terminate benefits as of July 7, 2014, occurred in the Central District of California, making venue proper pursuant to 29 U.S.C 1132 (e).

## GENERAL ALLEGATIONS

6. Plaintiff is informed and believes and thereon alleges that the PLAN is an employee welfare benefit plan established and maintained by Plaintiff's employer, PEPSICO, INC, to provide comprehensive disability benefits to eligible employees.

\\\
\\\

COMPLAINT FOR DAMAGES UNDER ERISA

7. The PLAN can be sued as an entity pursuant to 29 U.S.C. §1132(d)(1).

8. Plaintiff is an individual citizen and resident of the State of California, County of Los Angeles, residing within the Central District of the State of California.

9. Based upon information and belief, the PLAN is self-insured, however a conflict may exist by virtue of the fact that benefits from the PLAN may be paid from the general assets of PEPSICO, INC.

10. The PLAN hired Sedgwick, a third party claim administrator, to administer claims made under the PLAN, and delegated claims making authority provided by the Plan to Sedgwick.

## FACTUAL BACKGROUND

11. At all times relevant hereto, Plaintiff, currently age 32, was employed by PEPSICO, INC as a Bulk Lead Route Sales Representative between April 19, 2010 and March 11, 2012, and was and is a participant and beneficiary of the PLAN.

12. Plaintiff's job was determined to be a heavy physical demand level occupation. His job duties involved preparing paperwork for daily sales via a hand held computer by requesting the manifest from the main computer system. He was required to perform a pre-trip inspection of the truck before driving to his first work site. While on a site, he prepared stores for delivery and filled displays and stocked the shelves and back rooms. Most of his time was spent in the field, and involved prolonged standing and walking, some sitting, bending and stooping, lifting and carrying, and repetitive use of his hands.

13. The PLAN'S definition of "Totally Disabled" or "Total Disability" means that because of injury or sickness:

"(i) <u>Cannot Engage in Own Occupation</u>: During the first twenty-four (24) months of the Participant's Period of Disability, the

- 3 -
COMPLAINT FOR DAMAGES UNDER ERISA

|   |   |
|---|---|
| 1 | Participant is unable, due to illness, injury or pregnancy, to |
| 2 | perform all of the material and essential functions duties |
| 3 | pertaining to his Own Occupation. Material and Essential duties |
| 4 | are the duties that are normally required for the performance of |
| 5 | the Participants Own occupation and cannot reasonably be |
| 6 | omitted, changed or accommodated. Loss of a professional or |
| 7 | occupational license or certificate does not by itself constitute |
| 8 | disability. |

(ii) <u>Not Engaged in a Reasonable Occupation</u>: The participant is not engaged in any Reasonable Occupation at any time other than an Approved Rehabilitation Program.

(iii) Unable to Engage in a Reasonable Occupation: Beginning from and after the first day of the twenty-fifth (25) month of the participant's continuous Period of Disability, the participant is unable to engage in any Reasonable Occupation:

(a) For which the participant is, or may reasonably be qualified by education, training, or experience (as defined in the Reasonable occupation definition), and

(b) That is available to the Participant in a reasonable geographic area as defined by the Claims Administrator.

14. Plaintiff claimed disability as of March 11, 2012 due to syncope and posttraumatic stress disorder.

15. Plaintiff has limitations and restrictions on his ability to stand, walk, sit, drive, lift, carry, bend, squat, crawl, and reach shoulder level. He also has limitations and restrictions on his ability to grasp, push, pull, and fine manipulation, as well as to use of his feet for repetitive movements such as operating foot controls.

COMPLAINT FOR DAMAGES UNDER ERISA

16. Plaintiff's treating physicians support the various physical and psychiatric diagnoses and the limitations and restrictions that prevent him from being able to perform the material and essential functions of any occupation.

17. Plaintiff had a loop monitored surgically implanted on August 27, 2012 to help determine the cause of his fainting episodes.

18. Plaintiff was undergoing biofeedback between February 2013 and August 2013, at which time his insurance no longer covered the procedure. Plaintiff was getting some beneficial results but it did not cure the problem.

19. While undergoing treatment from his various physicians, it is noted throughout the medical records and claims notes that plaintiff would pass out in front of his doctors. No specific cause has been determined and plaintiff continues to experience at least one episode every two (2) weeks.

20. Plaintiff was approved for the maximum 27 weeks of Short-Term Disability benefits that expired on September 15, 2012.

21. On September 16, 2012, the claim administrator notified Plaintiff that his claim was approved because the medical evidence supported the diagnosis of syncope.

22. On or about May 9, 2013, Plaintiff was informed by the claims administrator, that if medical records showed that Plaintiff could not return to work due to his continued loss of conscious, that his benefits could be extended.

23. Between September 16, 2012, and March 10, 2014, the claims administrator continued to extend Plaintiff's benefits based upon updated medical notes which stated that plaintiff continued to have episodes where he would pass out unexpectedly and without any particular warning or trigger.

24. From Plaintiff's date of disability on March 11, 2012, through the approval of 27 weeks of Short-Term Disability and 24 months of Long-Term Disability under the own occupation definition of disability, plaintiff's medical

COMPLAINT FOR DAMAGES UNDER ERISA

condition did not change.

25. On or about March 18, 2014, the claim administrator's peer review physician reviewed the medical records and spoke with plaintiff's treating physicians and concluded that Plaintiff was not disabled from any occupation due to his syncope condition. Furthermore, the claims administrator's peer review physician rendered his own diagnosis regarding plaintiff's condition without ever having examining the patient. The peer review doctor determined that Plaintiff could work as long as he remained hydrated.

26. Plaintiff submitted a timely written appeal on August 10, 2014. In addition, plaintiff's treating physician provided updated restrictions and limitations after further reviewing the plaintiff's records and concluded that he could not work any type of gainful employment due to his sudden episodes of fainting, and that in addition plaintiff was having short-term memory loss.

27. The claim administrator conducted an appellate review and had a psychological and cardiac evaluation completed which revealed that plaintiff's symptoms would in fact be expected to impact his functionality, however, the claim administrator's reviewing doctors concluded that the restrictions and limitations offered by plaintiff's treating physician's were not supported.

28. On or about July 2, 2014, the claim administrator concluded that although the medical evidence supports limitations and restrictions related to his safety due to syncope, Plaintiff can work full-time in a sedentary occupation within a normal office environment.

29. On July 7, 2014, Sedgwick denied Plaintiff's claim for LTD benefits on appeal, concluding that there are no clinical findings to support plaintiff's inability to work in any capacity.

\\\

\\\

- 6 -

COMPLAINT FOR DAMAGES UNDER ERISA

condition did not change.

25. On or about March 18, 2014, the claim administrator's peer review physician reviewed the medical records and spoke with plaintiff's treating physicians and concluded that Plaintiff was not disabled from any occupation due to his syncope condition. Furthermore, the claims administrator's peer review physician rendered his own diagnosis regarding plaintiff's condition without ever having examining the patient. The peer review doctor determined that Plaintiff could work as long as he remained hydrated.

26. Plaintiff submitted a timely written appeal on August 10, 2014. In addition, plaintiff's treating physician provided updated restrictions and limitations after further reviewing the plaintiff's records and concluded that he could not work any type of gainful employment due to his sudden episodes of fainting, and that in addition plaintiff was having short-term memory loss.

27. The claim administrator conducted an appellate review and had a psychological and cardiac evaluation completed which revealed that plaintiff's symptoms would in fact be expected to impact his functionality, however, the claim administrator's reviewing doctors concluded that the restrictions and limitations offered by plaintiff's treating physician's were not supported.

28. On or about July 2, 2014, the claim administrator concluded that although the medical evidence supports limitations and restrictions related to his safety due to syncope, Plaintiff can work full-time in a sedentary occupation within a normal office environment.

29. On July 7, 2014, Sedgwick denied Plaintiff's claim for LTD benefits on appeal, concluding that there are no clinical findings to support plaintiff's inability to work in any capacity.

\\\

\\\

- 6 -

COMPLAINT FOR DAMAGES UNDER ERISA

## COUNT ONE

### For Damages and Benefits Against Defendant
### PEPSICO, INC LONG TERM DISABILITY PLAN
#### (Pursuant to 29 U.S.C. Section 1132(a)(1))

30. Plaintiff hereby realleges and incorporates paragraphs 1 through 29 as if fully set forth herein.

31. Despite the fact that the PLAN is self-funded, a conflict of interest exists because LTD benefits payable under the PLAN are paid from the general assets of PEPSICO, INC.

32. The claim administrator's decision to terminate Plaintiff's benefits was illogical, implausible, and without support in inferences that could reasonably be drawn from facts in the record, because every doctor who personally examined plaintiff concluded that he has limitations and restrictions related to his safety due to syncope.

33. The claim administrator's decision to terminate plaintiff's benefits was also illogical and implausible because the claim was approved and then denied based essentially on the same medical evidence, with no medical records to document any improvement in Plaintiff's condition within the period between when the claim was initially approved and when benefits were terminated.

34. As a direct and proximate result of the claim administrator's wrongful denial of LTD benefits, Plaintiff contends that the PLAN has breached the contract by not paying benefits, payable at the rate of $1,863.48 per month ($931.74, bi-weekly), less appropriate offsets, from September 16, 2014 to the present and continuing.

35. As a further direct and proximate result of the denial of benefits, and due to Defendants' abuse of discretion, Plaintiff had to engage the services of attorneys to assist him in recovering benefits due him under the terms of the PLAN.

COMPLAINT FOR DAMAGES UNDER ERISA

Accordingly, Plaintiff will be entitled to reasonable attorney's fees in an amount according to proof pursuant to 29 U.S.C. Section 1132(g)(l).

WHEREFORE, plaintiff demands judgment against Defendants, and each of them, as follows:

## Count One

1. Damages for breach of contract pursuant to 29 U.S.C. Section 1132(a)(1)(B), for Long-Term Disability benefits payable at the rate of $1,863.47 per month, less appropriate offsets, from September 15, 2014 to the present and continuing;

2. Interest on said amounts in accordance with law;

3. For reasonable attorney's fees and costs in a sum according to proof, pursuant to 29 U.S.C. Section 1132(g)(1).

4. For any further relief that the court deems reasonable and just.

DATED: January 26, 2015

Respectfully submitted,

LAW OFFICES OF KEVIN ZIETZ

By: _____
Kevin M. Zietz
Attorney for Plaintiff
JOSPEH JONES

COMPLAINT FOR DAMAGES UNDER ERISA